UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ERICA EARLY**                                                    **CIVIL ACTION NO.**
**on behalf of real party in interest E. E.**

**VERSUS**                                                         **19-461-BAJ-EWD**

**COMMISSIONER OF SOCIAL SECURITY**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 23, 2020

*Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

Certified- Return Receipt Requested 7018 0360 0001 1615 7954

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ERICA EARLY**  **CIVIL ACTION NO.**
**on behalf of real party in interest E. E.**

**VERSUS**  **19-461-BAJ-EWD**

**COMMISSIONER OF SOCIAL SECURITY**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DISMISSAL ON COURT'S OWN MOTION UNDER FED. R. CIV. PROC. 41(b)**

On or about July 16, 2019, Erica Early ("Plaintiff"), filed a Complaint against the Commissioner of Social Security ("Commissioner"), seeking judicial review of an adverse decision by the Commissioner.[1] With the Complaint, Plaintiff also filed a Motion to Proceed in forma pauperis ("IFP motion").[2] The IFP Motion was granted and the United States Marshals Service ("USMS") was ordered to serve defendants upon Plaintiff's submission of a properly completed U.S. Marshal Form 285 for each defendant.[3] On October 17, 2019, the USMS filed a Process Receipt and Return indicating that Tina Waddell, Regional Counsel for the Social Security Administration, was served with the suit.[4]

On July 1, 2020, the Commissioner filed a Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction (the "Motion to Dismiss").[5] The Motion to Dismiss states that it was served on Plaintiff by mailing a copy to the address Plaintiff listed on the Complaint.[6] Plaintiff did not timely oppose the Motion to Dismiss.[7]

---

[1] R. Doc. 1.
[2] R. Doc. 2.
[3] R. Doc. 3.
[4] R. Doc. 6.
[5] R. Doc. 7.
[6] R. Docs. 7, p. 2 and 1, p. 2.
[7] Pursuant to Local Civil Rule 7(e), any opposition memorandum must be filed within twenty-one days of service of a motion. To date, Plaintiff has not filed any response to the Motion to Dismiss.

A hearing was set to be held on the Motion to Dismiss on August 14, 2020 by video conferencing.  The Clerk of Court was also ordered to serve the Notice and Order setting the hearing on Plaintiff by certified mail, return receipt requested.[8]  Further, the hearing Notice and Order advised that "**Failure to appear as ordered or respond may result in the dismissal of Plaintiff's claims in this matter without further notice."**[9]  The certified mail return receipt shows that the hearing Notice and Order was received by "E. Early" on August 5, 2020.[10]

The hearing took place as scheduled on August 14, 2020.  Counsel for the Commissioner appeared for the hearing, but Plaintiff did not appear although the hearing was kept open for approximately fifteen minutes.[11]  Plaintiff also did not contact the Court prior to the hearing, nor has she filed anything explaining her absence from the hearing.

Pursuant to Federal Rules of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  This Court also has the authority to dismiss an action for plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action *sua sponte*.[12]

While dismissal is a serious sanction, it is warranted in this case.  Plaintiff filed this suit over fourteen months ago.  Since she presumably submitted summons to the USMS to effect service, Plaintiff has not taken any action in the suit, including failing to respond to the Commissioner's Motion to Dismiss and failing to appear for the hearing on the Motion to Dismiss.

---

[8] R. Doc. 8.
[9] *Id.* (emphasis in original).
[10] R. Doc. 9, p. 2.
[11] R. Doc. 10.
[12] *See Link v. Wabash Railroad*, 370 U.S. 626, 630–31 (1962); *Curtis v. Quarterman*, 340 Fed. App'x 217, 217–18 (5th Cir. 2009) ("A district court has the authority to dismiss an action for failure to prosecute or for failure to comply with any court order. The court possesses the inherent authority to dismiss the action sua sponte in the absence of a motion by the defendant."); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (finding that a district court may sua sponte dismiss an action for failure to prosecute or to comply with any court order under Federal Rule of Civil Procedure 41(b)).

Additionally, Plaintiff has not contacted the Court or filed anything into the record to explain her failure to participate in the case or to respond to Court orders. Further, Plaintiff was advised in the Notice and Order setting the hearing on the Motion to Dismiss that failure to appear could result in dismissal of her claims. Accordingly, dismissal is warranted in this case in order to prevent further delay and avoid congestion in the calendars of the Court.[13] If Plaintiff has an excuse for her failure to participate in this case and respond to Court orders, she will have an opportunity to file an objection to this Report and Recommendation within fourteen days.

Accordingly,

### RECOMMENDATION

**IT IS RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute under Federal Rule of Civil Procedure 41(b).

In light of the recommendation of dismissal on the Court's own motion, **IT IS FURTHER RECOMMENDED** that the Motion to Dismiss for Insufficient Service of Process and Lack of Personal Jurisdiction be **DENIED AS MOOT**.

### ORDER

**IT IS ORDERED** that the Clerk of Court is to serve this Report and Recommendation on Erica Early via certified mail, return receipt requested to the address listed on PACER.

Signed in Baton Rouge, Louisiana, on September 23, 2020

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[13] *See Link*, 370 U.S. at 630–31.